UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FCCI INSURANCE COMPANY,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:22-cv-01047-RDP |
| } | |
| **JONATHAN A. CROWE, et al.,** } | |
| } | |
| **Defendants.** } | |

**MEMORANDUM OPINION**

This case is before the court on Plaintiff's Motion for Entry of Default Judgment Against David Michael Crowe and David Eugene Carpenter and Motion for Judgment on the Pleadings as to Jonathan Crowe. (Doc. # 25). For the following reasons, Plaintiff's motions are due to be granted.

**I.      Background**

This is a declaratory judgment action brought by Plaintiff, FCCI Insurance Company ("FCCI"), against Defendants Jonathan Crowe, David Michael Crowe ("Michael Crowe"), and David Eugene Carpenter ("Eugene Carpenter").[1] (Doc. # 1). FCCI seeks a declaration that it does not have a duty to defend or indemnify Michael Crowe or Eugene Carpenter against claims asserted against them by Jonathan Crowe in a state court action filed in the Circuit Court of Jefferson County, Alabama, Civil No. CV-2021-903486 ("the underlying action"). (*Id.* at 2).

The underlying action arises out of an incident on August 20, 2020, in which Jonathan Crowe sustained serious bodily injuries during the course of his employment for a company called

---

[1] Plaintiff also brought this action against a fourth Defendant: David Dylan Carpenter. (Doc. # 1). However, on October 27, 2022, the court dismissed all claims against David Dylan Carpenter pursuant to Plaintiff's voluntary dismissal. (Doc. # 19).

Metal Products of Alabama, LLC ("Metal Products"). In addition to bringing a worker's compensation claim against Metal Products, Jonathan Crowe asserted co-employee liability claims against Michael Crowe and Eugene Carpenter, who were also Metal Products employees. (Doc. # 1-1). Jonathan Crowe's complaint in the underlying action includes the following relevant allegations: [2]

### COUNT II
### CO-EMPLOYEE LIABILITY
### David Michael Crowe

. . .

9. That on or about August 20, 2020, Plaintiff [Jonathan Crowe] was an employee of Defendant, Metal Products of Alabama, LLC and/or Fictitious Defendant, A, and that Defendant, David Michael Crowe was also an employee of Defendant, Metal Products of Alabama, LLC.

10. Plaintiff was tasked with working on and around a 'recoiler' machine while acting in his employment capacity.

11. Defendant, David Michael Crowe worked as a 'bander' and/or 'laborer' for Defendant Metal Products of Alabama, [LLC]. He was tasked with, among other things, inspecting the steel coils as they are banded and ensuring that no steel coil is banded to a second steel coil. If two steel coil 'cookie slices' do band together, then Defendant, David Michael Crowe was to alert any/all co-employees to this issue to prevent injury or damage.

12. Plaintiff avers that on the day of this incident, Defendant, David Michael Crowe was intoxicated as defined in Alabama Code §25-5-11(c)(3). Plaintiff further avers that the intoxication of Defendant, David Michael Crowe wrongfully and proximately caused the injuries sustained by Plaintiff.

13. Plaintiff further avers that on the day of this incident, Defendant, David Michael Crowe acted negligently, willfully, wantonly, and/or intentionally and said conduct proximately caused the injuries sustained by the Plaintiff.

---

[2] These allegations are incorporated into FCCI's complaint (Doc. # 1), and a copy of Jonathan Crowe's complaint in the underlying action is attached to FCCI's complaint as Exhibit A. (Doc. # 1-1).

2

. . .

## COUNT III
## CO-EMPLOYEE LIABILITY
## . . . David Eugene Carpenter

. . .

19. That on or about August 20, 2020, Plaintiff was an employee of Defendant, Metal Products of Alabama, LLC and/or Fictitious Defendant, A, and that Defendant . . . David Eugene Carpenter was also an employee of Defendant, Metal Products of Alabama, LLC.

20. Defendant . . . Eugene Carpenter worked as a fork-lift operator for Defendant Metal Products of Alabama, Inc. . . . David Eugene Carpenter was tasked with, among other things, removing the steel coil 'cookie slices' from the 'recoiler' machine and turnstile. . . . David Eugene Carpenter was further tasked with inspecting the steel coils as he was removing them from the 'recoiler' and turnstile from his elevated seated position to ensure that no steel coil is banded to a second steel coil. If two steel coil 'cookie slices' do band together, then Defendant . . . David Eugene Carpenter was to alert any/all co-employees to this issue to prevent injury or damage.

21. On August 20, 2020, when a steel coil fell onto the Plaintiff's right leg and body as a whole, Defendant . . . David Eugene Carpenter used the forklift that he was operating and pushed the steel coil further onto the Plaintiff.

22. Plaintiff avers that on the day of this incident, Defendant . . . David Eugene Carpenter was intoxicated as defined in Alabama Code §25-5-l l(c)(3). Plaintiff further avers that the intoxication of Defendant . . . wrongfully and proximately caused the injuries sustained by Plaintiff.

23. Plaintiff further avers that on the day of this incident, Defendant . . . David Eugene Carpenter acted negligently, willfully, wantonly, and/or intentionally and said conduct proximately caused the injuries sustained by the Plaintiff.

(Doc. # 1-1 at 2-6); (Doc. # 1 at 4-6); (Doc. # 25 at 5-7).

At the time of the incident forming the basis of the underlying action, Metal Products was insured through a commercial general liability insurance policy issued by FCCI ("the policy"). (Doc. # 1 ¶ 29); (Doc. # 1-2). FCCI retained counsel in the underlying action and is currently

3

providing a defense to Michael Crowe and Eugene Carpenter, subject to a reservation of rights. (Doc. # 25 at 2). However, FCCI contends that the policy does not cover Michael Crowe or Eugene Carpenter, and therefore it has no duty to defend or indemnify them in the underlying action. (*Id.*). The policy includes the following relevant provisions, which are incorporated in FCCI's complaint and attached as Exhibit B:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. **Insuring Agreement**
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
>
> . . .
>
> 2. **Exclusions**
>    This insurance does not apply to:
>    a. **Expected or Intended Injury**
>       "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
>
> . . .
>
>    d. **Workers' Compensation and Similar Laws**
>       Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.
>
>    e. **Employer's Liability**
>       "Bodily injury" to:

4

> **(1)** An "employee" of the insured arising out of and in the course of:
>> **(a)** Employment by the insured: or
>> **(b)** Performing duties related to the conduct of the insured's business
>
> . . .
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an "insured contract".
>
> . . .
>
> **SECTION II – WHO IS AN INSURED**
>
> **1.** If you are designated in the Declarations as:
>
> . . .
>
>> **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

(Doc. # 1-2 at 6-7, 14); (Doc. # 1 at 11-12).

The policy also contains an Employment Practices Liability Insurance Coverage Endorsement ("the Endorsement), which includes the following relevant provisions:

**EMPLOYMENT PRACTICES LIABILITY
INSURANCE COVERAGE ENDORSEMENT**

Throughout this Coverage Endorsement (hereinafter referred to as "EPL Coverage"), the words: "you" and "your" refer to the "named insured(s)" shown in the Supplemental Declarations of this EPL Coverage and any other person(s) or organization(s) qualifying as a "named insured" under this EPL Coverage. The words "we", "us" and "our" refer to the company providing this insurance.

5

The word "insured" means any person or organization qualifying as such under SECTION III. WHO IS AN INSURED.

. . .

**SECTION I.  WHAT IS COVERED**

**A. Insuring Agreement**

1. "We" shall pay those "losses" arising out of an "insured's" "wrongful employment act" (other than a "third party violation") against "your" "employees", "recognized volunteers" and applicants for employment to which this insurance applies.

. . .

**SECTION II.  EXCLUSIONS—WHAT IS NOT COVERED**

This insurance does not apply to:

. . .

**C. "Bodily Injury"**

Any liability arising out of "bodily injury";

**D. Worker's Compensation, Social Security and Unemployment, Disability and Retirement Benefits**

Any liability arising out of any obligation pursuant to any worker's compensation, disability benefits, unemployment compensation, unemployment insurance, retirement benefits, social security benefits or similar law.  This exclusion, however, shall not apply to "loss" arising from a "claim" or "suit" for "retaliation";

. . .

**SECTION III.  WHO IS AN INSURED**

**A. Individual**

If "you" are shown in the Supplemental Declarations of this EPL Coverage as an individual, "you" and "your" spouse or "Domestic Partner" are

>   "insureds", only for the conduct of a business of which "you" are the sole owner.
>
>   . . .
>
>   **F.    "Employees"**
>
>   "Your" "employees", executive officers and directors are "insureds", only for the conduct of "your" business within the scope of their employment or their duties as executive officers or directors.
>
>   . . .
>
>   **SECTION VII. DEFINITIONS**
>
>   **A.** "Bodily injury" means physical injury, sickness, or disease, including death resulting therefrom.

(Doc. # 1-2 at 41-50); (Doc. # 1 at 13-14).

On October 19, 2022, the Clerk entered default against Defendants Michael Crowe and Eugene Carpenter. (Doc. # 14). Since then, those Defendants have not contested the default or participated in this litigation in any way. The only remaining Defendant, Jonathan Crowe, filed an Answer (Doc. # 11), but has not responded to FCCI's Motion for Judgment on the Pleadings (Doc. # 25), despite being reminded by the court of the briefing schedule. (Doc. # 26).

**II.    Legal Standards**

    **A.    Default Judgment**

When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). But entry of default judgment is warranted only when there is a sufficient basis in the pleadings for the judgment entered. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (explaining that the "sufficient basis" standard is akin to that necessary to survive a motion to dismiss for failure to state a claim); *see Chudasama v. Mazda*

*Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.").

A complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Surtain*, 789 F.3d at 1245 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "But while a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration and quotations omitted). So while a non-responding defendant may stand in default in a declaratory judgment action, the court must still address whether the complaint makes a showing that, on the facts of the complaint, the plaintiff that is seeking declaratory relief is entitled to that relief.

### B. Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when no material facts are in dispute and the movant is entitled to judgment as a matter of law." *Washington v. Rivera*, 939 F.3d 1239, 1242 (11th Cir. 2019). When determining whether a party is entitled to judgment on the pleadings, the court accepts as true all material facts alleged in the non-moving party's pleadings and views those facts in the light most favorable to the non-moving party. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.*

When a defendant moves for judgment on the pleadings, the motion is treated like a Rule 12(b)(6) motion to dismiss; the court accepts the facts alleged in the complaint as true and views them in the light most favorable to the non-moving party. *See Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). "By contrast, when the *plaintiff* moves for judgment on the pleadings—as happened here—the old rule obtains that the fact allegations of *the answer* are to be taken as true, but those of the complaint are taken as true *only where and to the extent that they do not conflict with those of the answer*." *Capitol Specialty Ins. Corp. v. W. View Apartments, Inc.*, No. 21-11675, 2021 WL 6101663, at *1 (11th Cir. Dec. 22, 2021) (per curiam) (emphasis in original) (quotations and citation omitted).

### C. Effect of Considering Documents Outside the Pleadings

Generally, "[i[f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). However, a court may consider exhibits attached to the complaint without converting the 12(b)(6) or 12(c) motion into a motion for summary judgment. *Madura v. Bank of Am., N.A.*, 767 F. App'x 868, 870 (11th Cir. 2019) (per curiam). The court may also consider documents incorporated by reference in the pleadings, even if they are not physically attached to them, "if the documents are (1) central to the complaint and (2) no party questions their authenticity." *Id.*

Here, the court may consider Jonathan Crowe's state court complaint (Doc. # 1-1) and the FCCI insurance policy (Doc. # 1-2) without converting FCCI's 12(c) motion into a motion for

9

summary judgment because those documents were attached to and incorporated in FCCI's complaint, they are central to FCCI's claims, and their authenticity is undisputed.

**III.    Analysis**

FCCI's Motion for Entry of Default Judgment and its Motion for Judgment on the Pleadings both raise the same issue: whether the pleadings provide a sufficient basis for declaring that FCCI has no duty to defend or indemnify Michael Crowe or Eugene Carpenter in the underlying action. The court will consider the motions together.

"An insurance company has two general duties under a policy of insurance: a duty to defend and a duty to indemnify. The duty to defend is broader than the duty to indemnify." *Mid-Continent Cas. Co. v. Advantage Med. Elecs., LLC*, 196 So. 3d 238, 243 (Ala. 2015). "It is well settled that an insurer's duty to defend is more extensive than its duty to indemnify." *Id.* (quotations and citation omitted). Therefore, if the court determines that FCCI does not have a duty to defend Michael Crowe or Eugene Carpenter, then FCCI necessarily has no duty to indemnify those Defendants either.

"Whether an insurance company owes its insured a duty to provide a defense in proceedings instituted against the insured is determined primarily by the allegations contained in the complaint." *Id.* "If the allegations of the injured party's complaint show an accident or an occurrence within the coverage of the policy, then the insurer is obligated to defend, regardless of the ultimate liability of the insured." *Id.* "If the complaint suggests that the injury alleged may not be within the coverage of the policy, then other facts outside the complaint may be taken into consideration." *U.S. Fid. & Guar. Co. v. Armstrong*, 479 So. 2d 1164, 1167 (Ala. 1985).

Here, the court must examine the allegations in Jonathan Crowe's state-court complaint in the underlying action (Doc. # 1-1) and determine whether his claims fall within the coverage of the insurance policy. For the reasons discussed below, the court finds that Jonathan Crowe's claims against Michael Crowe and Eugene Carpenter are not covered by the policy, and thus FCCI has no duty to defend or indemnify those Defendants in the underlying action.

> **A.     Michael Crowe and Eugene Carpenter are not covered by the insurance policy because they are not members or managers of Metal Products.**

The insurance policy obligates FCCI to pay "those sums that *the insured* becomes legally obligated to pay as damages because of 'bodily injury.'" (Doc. # 1-2 at 6) (emphasis added). Under Section II, the policy states:

> If you are designated in the Declarations as: . . . A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

(*Id.* at 14).

Metal Products is an insured because it is named in the policy Declarations. (*Id.* at 1). And, because Metal Products is an LLC, its members and managers may also qualify as insureds. (*Id.* at 14). However, neither Michael Crowe nor Eugene Carpenter is a member or manager of Metal Products. Jonathan Crowe's state-court complaint identifies them both as Metal Products employees, not LLC members or managers. (Doc. # 1-1 ¶¶ 9, 19). Moreover, Jonathan Crowe admitted in his Answer the following allegation in FCCI's declaratory judgment complaint:

> Defendants David Michael Crowe . . . and David Eugene Carpenter were also employees of Metal Products of Alabama, LLC on or about August 20, 2020. Therefore, the relationship of employer and employee existed between each individual Defendant and Metal Products of Alabama, LLC, on August 20, 2020.

11

(*Compare* Doc. # 1 ¶ 7 *with* Doc. # 11 ¶ 7). Further, because Michael Crowe and Eugene Carpenter defaulted, they are deemed to have admitted this allegation as well. *See Cotton*, 402 F.3d at 1278 (stating that a defaulted defendant is deemed to admit the plaintiff's well-pleaded factual allegations).

No party has alleged that Michael Crowe and Eugene Carpenter are Metal Products members, managers, or anything more than employees. Therefore, Michael Crowe and Eugene Carpenter are not "insureds" under the policy.

      **B.    Although Michael Crowe and Eugene Carpenter may be insured under the policy's supplemental Employment Practices Endorsement, exclusions apply.**

Unlike the policy as a whole, the Endorsement has an expanded definition of "insured" that applies to the named insured's employees, "only for the conduct of [the named insured's] business within the scope of their employment." (Doc. # 1-2 at 45). Under this definition then, Michael Crowe and Eugene Carpenter are likely insured under the Endorsement as Metal Products employees acting within the scope of their employment.

However, the Endorsement excludes from coverage any liability arising out of bodily injury or worker's compensation. (Doc. # 1-2 at 43). Jonathan Crowe's claims in the underlying action arise from bodily injury he suffered while working for Metal Products, and he asserts co-employee liability claims against Michael Crowe and Eugene Carpenter pursuant to Alabama Code § 25-5-11, which is part of the Worker's Compensation Act of Alabama. (Doc. # 1-1 ¶¶ 12, 22); (*Compare* Doc. # 1 ¶¶ 11-12 *with* Doc. # 11 ¶¶ 11-12). Therefore, both the bodily injury and worker's compensation exclusions apply, meaning that neither Michael Crowe nor Eugene Carpenter is covered by the Endorsement.

## IV.      Conclusion

To recap, the pleadings establish several undisputed facts. First, the copies of Jonathan Crowe's state-court complaint and the insurance policy provided by FCCI are authentic and govern this dispute. (Doc. # 1-1); (Doc. # 1-2). Second, at all relevant times, Michael Crowe and Eugene Carpenter were Metal Products employees, not members or managers. (Doc. # 1-1 ¶¶ 9, 19); (*Compare* Doc. # 1 ¶ 7 *with* Doc. # 11 ¶ 7). Finally, Jonathan Crowe's state court claims against Michael Crowe and Eugene Carpenter arise out of Jonathan Crowe's bodily injuries and were brought pursuant to Alabama's Worker's Compensation Act.[3] (Doc. # 1-1 ¶¶ 12, 14, 22, 24); (*Compare* Doc. # 1 ¶¶ 11-13 *with* Doc. # 11 ¶¶ 11-13).

These undisputed facts show that neither Michael Crowe nor Eugene Carpenter is covered by the insurance policy because Metal Products employees are not "insureds." (Doc. # 1-2 at 14). Nor are they covered by the policy's supplemental Endorsement because it excludes from coverage any liability arising out of bodily injury or worker's compensation laws. (*Id.* at 43). Therefore, as a matter of law, FCCI has no duty to defend or indemnify Michael Crowe or Eugene Carpenter against Jonathan Crowe's claims in the underlying action.

Because the pleadings demonstrate that "no material facts are in dispute and the movant is entitled to judgment as a matter of law," *Washington*, 939 F.3d at 1242, FCCI's Motion for Entry of Default Judgment Against David Michael Crowe and David Eugene Carpenter and FCCI's

---

[3] By defaulting, Michael Crowe and Eugene Carpenter are deemed to have admitted these well-pled factual allegations. *See Cotton*, 402 F.3d at 1278. Jonathan Crowe specifically admitted the relevant facts in his Answer (Doc. # 11), and he does not contest the authenticity of the insurance policy or his state-court complaint. Moreover, he did not file a response to FCCI's Motion for Judgment on the Pleadings.

Motion for Judgment on the Pleadings as to Jonathan Crowe (Doc. # 25) are both due to be granted.

An order in accordance with this Memorandum Opinion will follow.

      **DONE** and **ORDERED** this March 7, 2023.

                                                  **R. DAVID PROCTOR**
                                                  UNITED STATES DISTRICT JUDGE